# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:  EDWARD PARRA LOPEZ and                                   No. 7-05-14734 ML
          EVA GONZALES LOPEZ,

   Debtors.
_____

SW FINANCIAL SERVICES OF LAS CRUCES, INC.,

   Plaintiff,

v.                                                                            Adversary No. 06-1078 M

EVA GONZALES LOPEZ,

   Defendant.

## ORDER DENYING MOTION PURSUANT TO RULE 59 TO RECONSIDER AND/OR FOR A NEW TRIAL

THIS MATTER is before the Court on the Motion Pursuant to Rule 59 to Reconsider And/Or for a New Trial ("Motion") filed on July 18, 2008 by Defendant Eva Gonzales Lopez, by and through her attorney of record, R. Trey Arvizu, III. The Motion asserts that an Affidavit submitted by Gene Lee in support of Plaintiff's Motion for Summary Judgment contained inaccuracies upon which this Court and the Tenth Circuit Bankruptcy Appellate Panel relied, and requests the Court to reconsider it Memorandum Opinion and Judgment entered July 8, 2008 and to grant Defendant a new trial. Plaintiff filed a response in opposition to the Motion, asserting that the evidence suggesting that Mr. Lee's affidavit contains inaccurate statements does not constitute "newly discovered evidence" and that Defendant has otherwise failed to present sufficient grounds for a new trial under Rule 59(e), Fed.R.Civ.P. *See* Docket # 64. Because the Court finds that the Motion is untimely, whether considered under Rule 59, Fed.R.Civ.P. or Rule

1

60, Fed.R.Civ.P., the Court will deny the Motion without reaching its merits.

## DISCUSSION

Defendant requests the Court to grant a new trial in accordance with Rule 59, Fed.R.Bankr.P., made applicable to bankruptcy proceedings by Rule 9023, Fed.R.Bankr.P. Motions filed pursuant to Rule 59, Fed.R.Civ.P. must be filed within ten days of the date of entry of the order or judgment. Rule 59(b), Fed.R.Civ.P. ("A motion for a new trial must be filed no later than 10 days after the entry of judgment."). Defendant filed the Motion on July 18, 2008, within ten days of the date the Court entered its Memorandum Opinion and Judgment finding that the debt at issue in this adversary proceeding is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). But a review of the substance of the Motion and the record of this proceeding reveals that Defendant is requesting the Court to reconsider a prior ruling in this case made more than a year before Defendant filed the instant Motion. Consequently, the Motion is untimely, whether treated under Rule 59 or 60[1], Fed.R.Civ.P. and cannot be considered.

The Motion raises issues regarding the Affidavit of Gene Lee concerning whether there was a default under the Settlement Agreement between Joe Valdez and Southwest Financial Services of Las Cruces, Inc. That issue was determined by this Court in its Memorandum Opinion (the "May 2007 Memorandum") and Judgment entered May 4, 2007. *See* May 2007 Memorandum (Docket # 37), undisputed fact No. 19, p. 5 and p. 10. Defendant appealed the May 2007 Memorandum and Judgment to the Tenth Circuit Bankruptcy Appellate Panel

---

[1] Motions filed in accordance with Rule 60, Fed.R.Civ.P. must be filed "within a reasonable time – and for reasons (1), (2), and (3) [fraud . . . misrepresentation, or misconduct by an opposing party] no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9024, Fed.R.Bankr.P.

2

("BAP"). The BAP affirmed this Court's determination that Mr. Valdez was in default under the terms of the Settlement Agreement, and reversed and remanded the matter for a determination of whether Defendant had the requisite intent to defraud necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). (*See* Order and Judgment ("BAP Order and Judgment"), pp.8-9 - Docket # 51). The Court held a trial following remand on the limited issue of Defendant's intent, and entered its Memorandum Opinion and Judgment on that remaining issue on July 8, 2008. Defendant filed the instant Motion ten days later.

The short, ten-day time frame provided in Rule 59(b), Fed.R.Civ.P. for filing a timely request for new trial promotes the finality of judgments.[2] The May 2007 Memorandum and Judgment became final ten days after its entry, and, in fact, Defendant appealed the May 2007 Memorandum and Judgment as a final order. "In bankruptcy proceedings, an order is final and appealable when it disposes of 'a particular adversary proceeding or a discrete controversy pursued within the broader framework cast by the petition.'" *Lopez v. Behles (In re American Ready Mix, Inc.),* 14 F.3d 1497, 1499 n.2 (10th Cir. 1994)(quoting *Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.),* 956 F.2d 935, 938-39 (10th Cir. 1991)(quoting *Adelman v. Forth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir. 1990)(internal quotation marks omitted)). The Court's determination that there was a default under the Settlement Agreement was a complete resolution of a portion of this

---

[2]*See Wiggs, Inc. v. Richman (In re Miramar, Inc.),* 70 B.R. 32, 32 n.1 (Bankr.E.D.Mich. 1987)("'The reason for a short time limit on motions for a new trial is to promote the finality of judgments.'")(quoting 11 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2812 at 87. *See also,* 10 Collier on Bankruptcy ¶ 9023.08 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2008)(noting that the prohibition against enlargement of the time limits established in Rule 9023 "furthers the Code policy of expediting bankruptcy appeals.").

3

adversary proceeding became final ten days after the entry of the May 2007 Memorandum and Judgment. In order to challenge the May 2007 Memorandum and Judgment, Defendant would have had to file a motion under Rule 59, Fed.R.Civ.P. within ten days of the date of entry of the May 2007 Memorandum and Judgment. The trial following remand did not consider whether there had been a default under Settlement Agreement, as that issue had already become final. Had Defendant wished to seek reconsideration of the BAP Order and Judgment, she was required to file such a motion with the BAP within ten days after the entry of the judgment by the BAP. *See* Rule 8015, Fed.R.Bankr.P. The instant Motion, which was filed within ten days of the Memorandum Opinion and Judgment entered July 8, 2008, is nevertheless untimely because it seeks to reconsider issues that became final over a year earlier.

In addition, even though Defendant did not learn of the inaccuracies contained in the Affidavit until after the trial following remand, such information was available at the time the Court considered the Plaintiff's motion for summary judgment, and Defendant has not demonstrated that her post-trial discovery constitutes "new evidence previously unavailable."[3] Finally, even if the Court were to construe the Motion under Rule 60, Fed.R.Civ.P., which provides for relief from final judgments on grounds of "fraud . . . misrepresentation, or misconduct by an opposing party" the Motion is untimely. Rule 60(b) motions must be filed within a reasonable time, and, if based on allegations of fraud, misrepresentation or misconduct by an opposing party, the outer limit of reasonableness is "no more than a year after the entry of the judgment or order." Rule 60(b)(3) and (c)(1), Fed.R.Civ.P., made applicable to bankruptcy

---

[3] Among the grounds for relief under Rule 59, Fed.R.Civ.P. is the discovery of new evidence not previously available. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

4

proceedings by Rule 9024, Fed.R.Bankr.P.[4]   The Motion was filed well over a year after the entry of the May 2007 Memorandum and Judgment.

The Court is extremely troubled that Plaintiff may have prevailed based at least in part on an Affidavit Plaintiff's representative admits contains certain "inaccuracies."  But because the Court is constrained to strictly apply the time limits of Rules 59 and 60, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rules 9023 and 9024, Fed.R.Bankr.P., the Motion must be denied on that basis and cannot be considered on its merits.[5]   For whatever reason,

---

[4] Defendant appears to assert that Mr. Lee's Affidavit perpetuated a "fraud upon the court" but fails to reference that portion of Rule 60, Fed.R.Civ.P. providing that "[t]his rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment . . . or (3) set aside a judgment for fraud on the court." Rule 60(d), Fed.R.Civ.P.  Nor does Defendant attempt to distinguish or explain why the alleged fraud is not the type of fraud covered in Rule 60(b)(3), Fed.R.Civ.P., which must be brought within one year of the date of entry of the judgment.  Rule 60(b)(3), Fed.R.Civ.P.  *See George P. Reintjes Co., Inc. v. Riley Stoker Corp.,* 71 F.3d 44, 48 and 49 (1st Cir. 1995)(explaining that "fraud upon the court" sufficient "to maintain an untimely independent attack upon a valid and final judgment has long been regarded as requiring more than common law fraud[ ]" and concluding that "perjury alone, absent allegation of involvement by an officer of the court . . . has never been sufficient.")(citing *United States v. Throckmorton,* 98 U.S. 61, 66 (8 Otto) (1878), *overruled on other grounds by Marshall v. Holmes,* 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891) and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244, 64 S.Ct.997, 1001, 88 L.Ed. 1250 (1944),*overruled on other grounds by Standard Oil Co. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976)).

[5] *See* Rule 9006(b)(2), Fed.R.Bankr.P. ("The court may not enlarge the time for taking action under Rules . . . 9023, and 9024."); *de la Fuente v. Central Elec. Co-op., Inc.,* 703 F.2d 63, 65 (3rd Cir. 1983)(per curiam)("The ten-day period [under Rule 59(b)] is jurisdictional, and 'cannot be extended in the discretion of the district court.'")(quoting *Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir.1980) (per curiam)(remaining citations omitted)); *In re Old Summit Mfg., LLC,* 324 B.R. 557, 560 (Bankr.M.D.Pa. 2005)("[T]he Court has no discretion, nor do the Rules grant it authority, to extend the time to file a request for reconsideration."); *Barone v. Strouse, Greenberg Mortgage Co., Inc. (In re Campfire Shop, Inc.)*, 71 B.R. 521, 522 (Bankr.E.D.Pa.1987) (stating that Rule 59 "must be interpreted strictly, and Motions must be served upon opposing counsel within ten (10) days of the Order in question, or they must be summarily denied because of our absence of jurisdiction to consider them.").
   *Cf. Apogee Robotics, Inc. v. Foss Realty, Inc. (In re Apogee Robotics, Inc.),* 139 F.3d 911

5

Defendant did not raise any genuine issues of material fact on summary judgment regarding Mr. Valdez's default under the Settlement Agreement, and her appeal to the BAP requesting, among other things, that the matter be remanded for further factual findings on the issue of Mr. Valdez's default[6], was unsuccessful.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

*(signed)*
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: August 22, 2008

COPY TO:

David P. Lutz
Attorney for Plaintiff
PO Drawer 1837
Las Cruces, NM 88004

R. Trey Arvizu, III
Attorney for Defendant
PO Box 1479
Las Cruces, NM 88004

---

(Table, text in Westlaw, No. 97-1106), 1998 WL 85384 (10th Cir. 1998), (unpublished) (affirming district court's order that affirmed bankruptcy court's order denying request for relief from judgment under Rule 60(b), where movant filed motion within five days after the bankruptcy court entered its order dismissing claims against defendant but had previously entered a summary judgment order which disposed of the claims against defendant, such that the prior summary judgment order was final, and the motion for relief from judgment was untimely).

[6]*See* BAP Order and Judgment (Docket # 51), pp. 7-8 (listing Defendant's arguments on appeal).